Pearson, C. J.
 

 We concur in opinion with his Honor, that to constitute a “pawn or pledge,” the article must be delivered. A
 
 sale
 
 of personal property may be made, and the title will pass without delivery; so a
 
 mortgage
 
 of personal property may be made without delivery, for it is a sale to bo void on the performance of a subsequent condition, consequently a sale or a
 
 mortgage
 
 may be made of a runaway slave, or of an anchor which is lost in the bottom of Cnrrituek sound and is not susceptible of delivery. But a pawn or pledge is a
 
 bailment
 
 of personal property to be kept until a debt is paid, so that delivery is of the very essence; the thing must be deposited, i. e. put into the possession of the party, otherwise, no title-passes, and he cannot maintain an action for the article against the owner who had promised to deliver it, or even against a wrong-doer, who shows no title. Even if the article be delivered, and title is thereby acquired in it, as a pawn or thing pledged, it is necessary for the pawnee to continue his possession, for if he delivers it ba^ck to the pawn-
 
 *247
 
 or, he loses his title as against creditors and
 
 Iona fide
 
 purchasers, although he may recover it from the pawnor, or one who gets it in possession without title; but this supposes the bailment to have been originally perfected by a delivery. These positions are well settled;
 
 Doak
 
 v.
 
 State
 
 Bank, 6 Ired. Rep. 309;
 
 Barrett
 
 v.
 
 Oble,
 
 4 Jones’ Rep. 40;
 
 Smith
 
 v.
 
 Sasser,
 
 Ibid 43, where the authorities are collected.
 

 The other point as to the alleged bailment by the plaintiff to the defendant, after the anchor and chain were found, was properly left to the j ury on the evidence.
 

 Per Curiam,
 

 Judgment affirmed.